IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY COLEMAN, #387120,
    Plaintiff,

vs.                                               Case No. 3:08cv468/MCR/EMT

WARDEN ELLIS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on October 13, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 6).

        Plaintiff names five Defendants in this action: (1) Warden Ellis, the warden at Santa Rosa Correctional Institution (SRCI); (2) Sgt. Cook; (3) Lt. Romine; (4) Lt. Gielow; and (5) Colonel Bars (*see* Doc. 1 at 1, 2).  Plaintiff alleges the following facts in support of his claims.  In December 2007, Plaintiff filed a complaint in federal court regarding the denial of canteen purchases (Doc. 1 at 7). In retaliation for filing the complaint, Lt. Gielow, Sgt. Cook "and other officers" sprayed Plaintiff with chemical agents, took his property, and put him "on strip" (*id.*).  Additionally, Sgt. Cook sent Officer Lewis to search Plaintiff's cell during the time he was "on strip" (*id.*).  Plaintiff had two milk cartons in his cell that he was using for shoes because the floor was wet, and because he had the milk cartons, Sgt. Cook placed Plaintiff on "management meal" (*id.*).  Moreover, Lt. Romine "started adding more days to [Plaintiff's] strip," and during this time, Plaintiff had no clothes except his underwear (*id.*).  Further, he alleges that his ankles were swollen, the floor was wet, he did not sleep for five days, and he Plaintiff begged Sgt. Cook for a bed (*id.*).

Next, on January 5, 2008, Plaintiff "made a deal" with Sgt. Cook to allow him to spray Plaintiff with "one black can of chemical agent" (*id.*). In exchange for allowing Sgt. Cook to spray him, Sgt. Cook told Plaintiff that he would get his bed back (*id.* at 7, 17). Thus, Plaintiff states, Sgt. Cook sprayed him with chemical agents on January 5, 2008, and that Colonel Bars and Lt. Gielow were standing behind Plaintiff's door when he was being sprayed (*id.* at 7–8, 17). The chemicals got into Plaintiff's eyes, he could not see, his sinuses were bothering him, and his nose was bleeding (*id.* at 7). Plaintiff went to medical due to his injuries (*id.*). Plaintiff claims that the foregoing conduct violated his Eighth, Eleventh and Fourteenth Amendment rights (*id.* at 9). As relief, he seeks monetary damages in the amount of $250,000.00 from each Defendant (*id.*). Plaintiff also seeks injunctive relief (*id.*).

The court takes judicial notice of four cases previously filed by Plaintiff in the federal courts: (1) <u>Coleman v. Department of Corrections</u> Case No. 3:08cv191/RV/EMT (N.D. Fla. June 13, 2008), (2) <u>Coleman v. Secretary for Department of Corrections</u>, Case No. 1:99cv488/KMM (S.D. Fla. Mar. 23, 1999), (3) <u>Coleman v. State of Florida</u>, Case No. 1:99cv351/ASG (S.D. Fla. Mar. 26, 1999), and (4) <u>Coleman v. State of Florida</u>, Case No. 1:99cv755/JAL (S.D. Fla. Mar. 30, 1999). Plaintiff was incarcerated at the time of filing each of those cases, as his address of record was a penal institution, and his address did not change during the course of the litigation. Additionally, the Northern District case was dismissed pursuant to 28 U.S.C.A. 1915(g), and the Southern District cases were dismissed as frivolous.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement. Furthermore, his prior cases filed in the Southern District of Florida, identified *supra*, qualify as "strikes" under § 1915(g); indeed, Plaintiff has been

recognized as a "three striker" in the United States District Court for the Middle District of Florida, *see* Coleman v. State of Florida, et al., Case No. 2:06cv480-FTM-99DNF (M.D. Fla. Oct. 23, 2006), the Southern District of Florida, *see* Coleman v. State of Florida, Case No. 1:01cv324-PCH (S.D. Fla. Feb. 26. 2001), and in this District, *see* Coleman v. Department of Corrections Case No. 3:08cv191/RV/EMT (N.D. Fla. June 13, 2008). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time

of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. The alleged incident in which Defendant Cook sprayed Plaintiff with chemical agents occurred on or about January 5, 2008 (Doc. 1 at 17). Similarly, Plaintiff's complaint does not allege that he remained "on strip" after he being sprayed or that he continued being exposed to harmful cell conditions beyond January 2008. In sum, Plaintiff has not alleged specific facts of ongoing serious physical injuries sufficient to invoke the exception to § 1915(g). Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 17th day of November 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**